**B1 (Official Form 1)(04/13)**

| United States Bankruptcy Court<br>**Northern District of Illinois** | **Voluntary Petition** |
| --- | --- |

| Name of Debtor (if individual, enter Last, First, Middle):<br>Gilhart, Stacy S. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| --- | --- |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>xxx-xx-9713 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>273 E. Colonial Dr.<br>Vernon Hills, IL<br>ZIP Code  60061 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>Lake | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

### Type of Debtor
(Form of Organization)  (Check one box)
- ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

### Chapter 15 Debtors
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

### Nature of Business
(Check one box)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ■ Other

### Tax-Exempt Entity
(Check box, if applicable)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

### Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box)
- ■ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

### Nature of Debts
(Check one box)
- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ■ Debts are primarily business debts.

### Filing Fee (Check one box)
- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

### Chapter 11 Debtors
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

### Statistical/Administrative Information    *** David J. Schwab 6204333 ***
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**THIS SPACE IS FOR COURT USE ONLY**

Estimated Number of Creditors
| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ OVER 100,000 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

Estimated Assets
| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ■ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

Estimated Liabilities
| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ■ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

B1 (Official Form 1)(04/13)                                                                                                          Page 2

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | Gilhart, Stacy S. |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed:  - None - | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: - None - | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____ Signature of Attorney for Debtor(s)          (Date) |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(04/13)

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Gilhart, Stacy S. |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  /s/ Stacy S. Gilhart
_____
Signature of Debtor  Stacy S. Gilhart

X
_____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

December 3, 2014
_____
Date

### Signature of Attorney*

X  /s/ David J. Schwab
_____
Signature of Attorney for Debtor(s)

David J. Schwab 6204333
_____
Printed Name of Attorney for Debtor(s)

Ralph, Schwab & Schiever, Chartered
_____
Firm Name

175 East Hawthorn Parkway
Suite 345
Vernon Hills, IL 60061
_____
Address

847-367-9699 Fax: 847-367-9621
_____
Telephone Number

December 3, 2014
_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X
_____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X
_____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X
_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re    Stacy S. Gilhart                               Case No. _____

                            Debtor(s)      Chapter     7 _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

□ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

□ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

□ Active military duty in a military combat zone.

□ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   /s/ Stacy S. Gilhart
                               Stacy S. Gilhart

Date:   December  3, 2014

B6 Summary (Official Form 6 - Summary) (12/14)

.

# United States Bankruptcy Court
## Northern District of Illinois

In re   Stacy S. Gilhart                             ,      Case No. _____

                                    Debtor

Chapter _____ 7 _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 300,000.00 | | |
| B - Personal Property | Yes | 5 | 140,609.02 | | |
| C - Property Claimed as Exempt | Yes | 3 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 549,990.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 2 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 27 | | 159,913.21 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I -  Current Income of Individual Debtor(s) | Yes | 2 | | | 1,820.00 |
| J -  Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 6,367.17 |
| Total Number of Sheets of ALL Schedules | | 46 | | | |
| Total Assets | | | 440,609.02 | | |
| Total Liabilities | | | | 709,903.21 | |

B 6 Summary (Official Form 6 - Summary) (12/14)

.

# United States Bankruptcy Court
## Northern District of Illinois

In re    Stacy S. Gilhart
_____,    Case No. _____
                                   Debtor
                                          Chapter                    7

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

■  Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | |
| Average Expenses (from Schedule J, Line 22) | |
| Current Monthly Income (from Form 22A-1 Line 11; OR, Form 22B Line 14; OR, Form 22C-1 Line 14 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6A (Official Form 6A) (12/07)

.

In re    Stacy S. Gilhart                                                    ,    Case No. _____
                                        Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| Debtor's 1/2 interest in residence:<br>273 E. Colonial Drive<br>Vernon Hills, IL 60061<br>Estimated value: $470,000.00 | Tenancy By the Entirety | J | 235,000.00 | 403,871.00 |
| 1917 Johnson Ave.<br>Racine, WI 53402<br>Estimated value: $65,000.00 | Fee simple | H | 65,000.00 | 52,549.00 |

|  |  |  |
|---|---|---|
| Sub-Total > | 300,000.00 | (Total of this page) |
| Total > | 300,000.00 | |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

.

In re    Stacy S. Gilhart                                                                    ,    Case No. _____
_____
Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | Cash on hand | - | 200.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Debtor's 1/2 interest in Checking Account - Account number ending 2002 Chase Bank Libertyville, IL | J | 866.67 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |

|  |  |
|---|---|
| Sub-Total > | 1,066.67 |
| (Total of this page) | |

__4__   continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    Stacy S. Gilhart                                              ,      Case No. _____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Debtor's 1/2 interest in the following household goods and furnishings:<br><br>Family Room:<br>couch<br>chair<br>coffee table<br>end table<br>TV<br>stereo<br>lamp<br><br>Living Room:<br>couch<br>chair<br>coffee table<br>end table<br>lamp<br><br>Dining Room:<br>table and chairs<br><br>Kitchen:<br>table and chairs<br>utensils<br>dishes<br>toaster<br>pots and pans<br><br>Bedroom #1:<br>bed<br>dresser<br>lamp<br><br>Bedroom #2:<br>bed<br>dresser<br>lamp<br><br>Bedroom #3:<br>bed<br>dresser<br>lamp<br><br>Bedroom #4:<br>bed<br>2 dressers<br>lamp<br><br>Office:<br>desk and chair<br>computer<br>printer<br>lamp | J | 1,080.00 |

Sub-Total >        1,080.00
(Total of this page)

Sheet __1__ of __4__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re     Stacy S. Gilhart                                                      ,     Case No. _____
                                          **Debtor**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Debtor's 1/2 interest in the following: 3 wall art pictures 3 wall art posters | J | 112.50 |
| 6.  Wearing apparel. | | Men's clothing | - | 200.00 |
| 7.  Furs and jewelry. | | Men's Swiss Army Watch Men's Under Armour Watch Wedding band | - | 500.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | IRA - Account number ending 6-190 Morgan Stanley 2211 York Rd., Suite 100 Oak Brook, IL 60523 | - | 27,320.85 |
| | | IRA - Account number ending 3-190 Morgan Stanley 2211 York Rd., Suite 100 Oak Brook, IL 60523 | - | 0.00 |
| 10.  Annuities. Itemize and name each issuer. | X | | | |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | | Meridian Industrial Service Corp. 11 N. Skokie Hwy., Suite 206 Lake Bluff, IL 60044 | - | 0.00 |
| 14.  Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15.  Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |

Sub-Total >        28,133.35
(Total of this page)

Sheet __2__ of __4__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    Stacy S. Gilhart                                                    ,    Case No. _____
                                          Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 16. Accounts receivable. | | Receivables from Meridian Industrial Service Corp. for personal MasterCard non-business personal credit card | - | 10,000.00 |
| | | Receivables from Meridian Industrial Service Corp. for MasterCard | - | 23,129.00 |
| | | Shareholder loans | - | Unknown |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |

Sub-Total >         33,129.00
(Total of this page)

Sheet __3__ of __4__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    Stacy S. Gilhart                                                    ,    Case No. _____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | | 2014 GMC Acadia<br>5,000 miles | - | 38,700.00 |
| | | Debtor's 1/2 interest in:<br>2011 Chevrolet Avalanche<br>82,000 miles<br>Vehicle owned jointly by Debtor and Meridian Industrial Service Corp. | J | 9,500.00 |
| 26.  Boats, motors, and accessories. | | 2012 Lund Boat Tyee 1850 | - | 29,000.00 |
| 27.  Aircraft and accessories. | X | | | |
| 28.  Office equipment, furnishings, and supplies. | X | | | |
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30.  Inventory. | X | | | |
| 31.  Animals. | X | | | |
| 32.  Crops - growing or harvested. Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | |

|  | |
|---|---|
| Sub-Total >  (Total of this page) | 77,200.00 |
| Total > | 140,609.02 |

Sheet __4__ of __4__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/13)

.

In re    Stacy S. Gilhart                                              ,        Case No. _____
_____
                          Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                            $155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                     *with respect to cases commenced on or after the date of adjustment.)*
☑ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Real Property |  |  |  |
| Debtor's 1/2 interest in residence: | 735 ILCS 5/12-901 | 15,000.00 | 470,000.00 |
| 273 E. Colonial Drive | 750 ILCS 65/22; 765 ILCS 1005/1c; 765 | 18,064.50 |  |
| Vernon Hills, IL 60061 | ILCS 1005/2(d); 735 ILCS 5/12-112 |  |  |
| Estimated value: $470,000.00 |  |  |  |
|  |  |  |  |
| Cash on Hand |  |  |  |
| Cash on hand | 735 ILCS 5/12-1001(b) | 200.00 | 200.00 |
|  |  |  |  |
| Checking, Savings, or Other Financial Accounts, Certificates of Deposit |  |  |  |
| Debtor's 1/2 interest in Checking Account - Account | 735 ILCS 5/12-1001(b) | 866.67 | 1,733.34 |
| number ending 2002 |  |  |  |
| Chase Bank |  |  |  |
| Libertyville, IL |  |  |  |

___2___  continuation sheets attached to Schedule of Property Claimed as Exempt

B6C (Official Form 6C) (4/13) -- Cont.

In re    Stacy S. Gilhart                                        ,    Case No. _____
                                    Debtor

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
| --- | --- | --- | --- |
| Household Goods and Furnishings | | | |
| Debtor's 1/2 interest in the following household goods and furnishings: | 735 ILCS 5/12-1001(b) | 1,080.00 | 2,160.00 |

Family Room:
couch
chair
coffee table
end table
TV
stereo
lamp

Living Room:
couch
chair
coffee table
end table
lamp

Dining Room:
table and chairs

Kitchen:
table and chairs
utensils
dishes
toaster
pots and pans

Bedroom #1:
bed
dresser
lamp

Bedroom #2:
bed
dresser
lamp

Bedroom #3:
bed
dresser
lamp

Bedroom #4:
bed
2 dressers
lamp

Office:
desk and chair
computer
printer
lamp

Sheet   1   of   2   continuation sheets attached to the Schedule of Property Claimed as Exempt

B6C (Official Form 6C) (4/13) -- Cont.

In re    Stacy S. Gilhart
_____,    Case No. _____
                                    Debtor

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| Debtor's 1/2 interest in the following: | 735 ILCS 5/12-1001(a) | 112.50 | 225.00 |
| 3 wall art pictures | | | |
| 3 wall art posters | | | |
| **Wearing Apparel** | | | |
| Men's clothing | 735 ILCS 5/12-1001(a) | 100% | 200.00 |
| **Furs and Jewelry** | | | |
| Men's Swiss Army Watch | 735 ILCS 5/12-1001(b) | 500.00 | 500.00 |
| Men's Under Armour Watch | | | |
| Wedding band | | | |
| **Interests in Insurance Policies** | | | |
| IRA - Account number ending 6-190 | 735 ILCS 5/12-704 | 100% | 27,320.85 |
| Morgan Stanley | 735 ILCS 5/12-1006 | 100% | |
| 2211 York Rd., Suite 100 | | | |
| Oak Brook, IL 60523 | | | |
| IRA - Account number ending 3-190 | 735 ILCS 5/12-704 | 100% | 0.00 |
| Morgan Stanley | 735 ILCS 5/12-1006 | 100% | |
| 2211 York Rd., Suite 100 | | | |
| Oak Brook, IL 60523 | | | |
| **Accounts Receivable** | | | |
| Receivables from Meridian Industrial Service Corp. | 735 ILCS 5/12-1001(b) | 676.66 | 10,000.00 |
| for personal MasterCard | | | |
| non-business personal credit card | | | |
| Receivables from Meridian Industrial Service Corp. | 735 ILCS 5/12-1001(b) | 676.67 | 23,129.00 |
| for MasterCard | | | |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| 2014 GMC Acadia | 735 ILCS 5/12-1001(c) | 2,400.00 | 38,700.00 |
| 5,000 miles | | | |

|  | Total: | 94,418.70 | 574,168.19 |

Sheet    2    of    2    continuation sheets attached to the Schedule of Property Claimed as Exempt

B6D (Official Form 6D) (12/07)

In re   Stacy S. Gilhart                                                                                    ,   Case No. _____

                                              Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
| | | H W | J C | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxx8268 | | | | Vehicle loan | | | | | |
| Ally Financial P.O. Box 9001951 Louisville, KY 40290-1951 | | - | | 2014 GMC Acadia 5,000 miles | | | | | |
| | | | | Value $              38,700.00 | | | | 38,797.00 | 97.00 |
| Account No. xxxxxxxx9570 | | | | Debtor's 1/2 interest in: 2011 Chevrolet Avalanche 82,000 miles Vehicle owned jointly by Debtor and Meridian Industrial Service Corp. | | | | | |
| Ally Financial P.O. Box 9001951 Louisville, KY 40290-1951 | | - | | | | | | | |
| | | | | Value $              19,000.00 | | | | 18,471.00 | 0.00 |
| Account No. xxxxxx9801 | | | | Mortgage | | | | | |
| Chase Bank P.O. Box 9001871 Louisville, KY 40290 | | H | | 1917 Johnson Ave. Racine, WI 53402 Estimated value: $65,000.00 | | | | | |
| | | | | Value $              65,000.00 | | | | 52,549.00 | 0.00 |
| Account No. xxxxxxxx1564 | | | | 2012 Lund Boat Tyee 1850 | | | | | |
| FirstMerit Bank P.O. Box 148 Akron, OH 44309-0148 | | - | | | | | | | |
| | | | | Value $              29,000.00 | | | | 36,302.00 | 7,302.00 |

___1___ continuation sheets attached

Subtotal
(Total of this page)

| 146,119.00 | 7,399.00 |

B6D (Official Form 6D) (12/07) - Cont.

In re    Stacy S. Gilhart_____,    Case No. _____
                                                              Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. 1782 <br><br> PNC Bank <br> P.O. Box 856177 <br> Louisville, KY 40285-6177 | X | J | Second Mortgage <br><br> Debtor's 1/2 interest in residence: <br> 273 E. Colonial Drive <br> Vernon Hills, IL 60061 <br> Estimated value: $470,000.00 <br><br> Value $        470,000.00 | | | | 31,918.00 | 0.00 |
| Account No. xxxxxx6134 <br><br> Specialized Loan Servicing LLC <br> P.O. Box 105219 <br> Atlanta, GA 30348 | X | J | First Mortgage <br><br> Debtor's 1/2 interest in residence: <br> 273 E. Colonial Drive <br> Vernon Hills, IL 60061 <br> Estimated value: $470,000.00 <br><br> Value $        470,000.00 | | | | 371,953.00 | 0.00 |
| Account No. <br><br><br><br><br> | | | Value $ | | | | | |
| Account No. <br><br><br><br><br> | | | Value $ | | | | | |
| Account No. <br><br><br><br><br> | | | Value $ | | | | | |

Sheet  1   of  1   continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | Subtotal <br> (Total of this page) | 403,871.00 | 0.00 |
|---|---|---|---|
| | Total <br> (Report on Summary of Schedules) | 549,990.00 | 7,399.00 |

B6E (Official Form 6E) (4/13)

.

In re   Stacy S. Gilhart                                 ,     Case No. _____

Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

_* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

____1____ continuation sheets attached

B6E (Official Form 6E) (4/13) - Cont.

In re    Stacy S. Gilhart _____ ,    Case No. _____

Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

Taxes and Certain Other Debts
Owed to Governmental Units

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | Notice only | | | | | |
| Illinois Department of Revenue (p) Bankruptcy Section/Level 7-425 100 West Randolph St. Chicago, IL 60606 | - | | | | | | 0.00 | 0.00 |
| Account No. | | | Notice only | | | | | |
| Internal Revenue Service (p) P.O. Box 7346 Philadelphia, PA 19101-7346 | - | | | | | | 0.00 | 0.00 |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |

Sheet  1  of  1   continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal (Total of this page) | 0.00 / 0.00 |
|---|---|---|
| | Total (Report on Summary of Schedules) | 0.00 / 0.00 |

B6F (Official Form 6F) (12/07)

In re  Stacy S. Gilhart                                                                    ,   Case No. _____
                                          Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. xxxxx4096  AIG American International Co 5 Wood Hollow P.O. Box 409 Parsippany, NJ 07054-0409 | - | | | Business debt of Meridian Industrial Service Corp. for specialty workers compensation | X | X | X | Unknown |
| Account No.  Allegheny Casualty Company International Fidelity Company One Newark Center, 20th Floor Newark, NJ 07102 | - | | | Business debt of Meridian Industrial Service Corp. | X | X | X | Unknown |
| Account No.  AllPro Fleet Maintenance Systems PO Box 357 Oaklawn, IL 60453 | | | | Business debt of Meridian Industrial Service Corp. | X | X | X | Unknown |
| Account No. xxxxx6001  American Chartered Bank 20 N. Martingale Rd., Suite 600 Schaumburg, IL 60173 | - | | | Guaranty of Promissory Note dated 9/23/13 made by Meridian Industrial Service Corp. in favor of ACB in the original principal amount of $350,000.00 | X | X | X | Unknown |

_26_  continuation sheets attached

Subtotal
(Total of this page)                                                          0.00

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                    S/N:31036-141119   Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    Stacy S. Gilhart                                                    ,    Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. xxxxx6002<br><br>American Chartered Bank<br>20 N. Martingale Rd., Suite 600<br>Schaumburg, IL 60173 | - | | | | Guaranty of Promissory Note dated 9/23/13 made by Meridian Industrial Service Corp. in favor of ACB in the original principal amount of $600,000.00 | X | X | X | Unknown |
| Account No.<br><br>American Safety Insurance Services<br>100 Galleria Parkway S.E., Ste. 700<br>Atlanta, GA 30339 | - | | | | Business debt of Meridian Industrial Service Corp. | X | X | X | Unknown |
| Account No. xxxxxxxx86-00<br><br>AmTrust North America<br>An AmTrust Financial Company<br>P.O. Box 740042<br>Atlanta, GA 30374-0042 | | | | | Business debt of Meridian Industrial Service Corp. for workers compensation insurance | X | X | X | Unknown |
| Account No. xxxxxxx88-WA<br><br>RMS Receivable Management Services<br>77 Hartland Street, Suite 401<br>P.O. Box 280431<br>East Hartford, CT 06128-0431 | | | | | Representing:<br>AmTrust North America | | | | Notice Only |
| Account No. xxxxxxxx86-00<br><br>Anatolly Fuchko<br>c/o Spada Law Offices, PC<br>333 E. Route 83, Suite 102<br>Mundelein, IL 60060 | - | | | | Business Debt of Meridian Industrial Corp. for worker's compensation claim number 13 WC 32602 | X | X | X | Unknown |

Sheet no. __1__ of __26__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    0.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Stacy S. Gilhart                                         ,            Case No. _____
                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> Apollo General Insurance Agency Inc <br> P.O. Box 1508 <br> 19485 Sonoma Highway, Ste. E <br> Sonoma, CA 95476 | - | | Business debt of Meridian Industrial Service Corp. | X | X | X | Unknown |
| Account No. <br><br> Assurance Agency, Ltd <br> 1750 E. Golf Road <br> Schaumburg, IL 60173 | | | Business debt of Meridian Industrial Service Corp. for insurance | X | X | X | Unknown |
| Account No.  xxx-xxx-xxxx-246-7 <br><br> AT&T <br> P.O. Box 5080 <br> Carol Stream, IL 60197-5080 | - | | Business debt of Meridian Industrial Service Corp. for office phone | X | X | X | 553.98 |
| Account No.  xxxxxx437-7 <br><br> AT&T U-Verse <br> P.O. Box 5014 <br> Carol Stream, IL 60197-5014 | - | | Business debt of Meridian Industrial Service Corp. for office internet | X | X | X | 89.00 |
| Account No.  5337 <br><br> Atlas Bobcat <br> 505 North River Road <br> Schiller Park, IL 60176 | | | Business debt of Meridian Industrial Service Corp. | X | X | X | Unknown |

Sheet no. __2__ of __26__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                                642.98

B6F (Official Form 6F) (12/07) - Cont.

In re    Stacy S. Gilhart                                              ,    Case No. _____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.  Auto Truck Equipment Repair 28501 Wilmot Rd., Ste 5 Trevor, WI 53179 | | | Business debt of Meridian Industrial Service Corp. | X | X | X | Unknown |
| Account No.  Trott Nelson, P.C. 1550 Spring Rd., Suite 225 Oak Brook, IL 60523 | | | Representing: Auto Truck Equipment Repair | | | | Notice Only |
| Account No.  xxx-xxxxxxx5121  Bank of America P.O. Box 2284 Brea, CA 92822 | - | | Business debt of Meridian Industrial Service Corp. for 2012 Ford F-250 truck (repossessed on or about September 30, 2014) | X | X | X | 23,000.00 |
| Account No.  xxxxx8/002  Bell Fuels, Inc. 1515 Creek Drive Morris, IL 60450-6857 | | | Business debt of Meridian Industrial Service Corp. Pending lawsuit in Circuit Court of Cook County against Meridian Industrial Services Corporation, et al. Case No. 14 CH 16789 | X | X | X | Unknown |
| Account No.  Paul B. Porvaznik Molzahn, Rocco, Reed & Rouse, LLC 20 N. Clark St., Suite 2300 Chicago, IL 60602 | | | Representing: Bell Fuels, Inc. | | | | Notice Only |

Sheet no. __3__ of __26__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    23,000.00

B6F (Official Form 6F) (12/07) - Cont.

In re   Stacy S. Gilhart                                                    ,   Case No. _____
                          Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. xxxx932-2 | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Bid Tool Construction Data Company 2001 9th Ave., Suite 104 Vero Beach, FL 32960 | - | | | | X | X | X | Unknown |
| Account No. xx9990 | | | | Business debt of Meridian Industrial Service Corp. for advertising | | | | |
| Blue Book of Building and Construction 800 E. Main St. Jefferson Valley, NY 10535 | - | | | | X | X | X | 2,000.00 |
| Account No. MERI | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Bristol Hose and Fitting aka Hose Doctor 1 W. Lake Street Northlake, IL 60164 | | | | | X | X | X | Unknown |
| Account No. | | | | Representing: Bristol Hose and Fitting | | | | |
| Richard T. Avis Attorney & Associates, LLC P.O. Box 1008 Arlington Heights, IL 60006 | | | | | | | | Notice Only |
| Account No. | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Burke Printing PO Box 669 Lake Forest, IL 60045 | | | | | X | X | X | Unknown |

Sheet no. __4__ of __26__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

2,000.00

B6F (Official Form 6F) (12/07) - Cont.

In re  Stacy S. Gilhart                                              ,    Case No. _____
                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. MERIDI<br><br>C & M Scale Company<br>7241 W. Roosevelt Road<br>Forest Park, IL 60130 | | | | Business debt of Meridian Industrial Service Corp. | X | X | X | Unknown |
| Account No.<br><br>Catum Trucking, Inc.<br>37W309 Keslinger Road<br>Geneva, IL 60134 | | | | Business debt of Meridian Industrial Service Corp. | X | X | X | Unknown |
| Account No.<br><br>Catum Trucking, Inc.<br>P.O. Box 397<br>Maple Park, IL 60151 | | | | Representing:<br>Catum Trucking, Inc. | | | | Notice Only |
| Account No.<br><br>Mickey, Wilson, Weiler, Renzi & Anderson, P.C.<br>2111 Plum St., Suite 201<br>Aurora, IL 60506 | | | | Representing:<br>Catum Trucking, Inc. | | | | Notice Only |
| Account No.<br><br>CERO Trucking, Inc.<br>3528 South Mozart<br>Chicago, IL 60632 | | | | Business debt of Meridian Industrial Service Corp. | X | X | X | Unknown |

Sheet no. __5__ of __26__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

0.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Stacy S. Gilhart                                                                 ,        Case No. _____
                                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxx-xx-1270 | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Chartis Insurance Company 175 Water St. New York, NY 10038 | | - | | X | X | X | Unknown |
| Account No. 4077 | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Christofano Equipment Co., Inc. 9643 S. Harlem Avenue Chicago Ridge, IL 60415 | | | | X | X | X | Unknown |
| Account No. xxxx-xxxx-xxxx-5813 | | | Business credit card for Meridian Industrial Service Corp. | | | | |
| Citi Business MasterCard CitiBusiness Customer Service P.O. Box 6235 Sioux Falls, SD 57117-6235 | | - | | X | X | X | 23,129.00 |
| Account No. xxxx-xxxx-xxxx-4402 | | | Personal credit card | | | | |
| Citibank MasterCard Citibank Customer Service P.O. Box 6500 Sioux Falls, SD 57117 | X | J | | X | X | X | 49,000.00 |
| Account No. xxxxxxxxxxxx5101 | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Comcast Cable 2508 W. Route 120 McHenry, IL 60051-4712 | | - | | X | X | X | Unknown |

Sheet no. __6__ of __26__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

72,129.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Stacy S. Gilhart                                                    ,    Case No. _____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xx4094<br><br>Construction & General Laborers' Dist. Council of Chicago Vicinity 999 McClintock Drive, Suite 300 Burr Ridge, IL 60527 | - | | Business debt of Meridian Industrial Service Corp. | X | X | X | Unknown |
| Account No.<br><br>Darren and Krystal Beuder c/o O'Connor & Nakos Ltd. 120 N. LaSalle, Fl. 35 Chicago, IL 60602 | - | | Business debt of Meridian Industrial Service Corp. Pending lawsuit in Circuit Court of Cook County against Meridian Industrial Services Corporation, et al. Case No. 10 L 6795 | X | X | X | Unknown |
| Account No. Meridian<br><br>DCS Trucking Company 500 Industrial Drive Lincolnshire, IL 60069 | | | Business debt of Meridian Industrial Service Corp. | X | X | X | Unknown |
| Account No. 3306<br><br>DisposAll Waste Services LLC 5817 W. Ogden Avenue Cicero, IL 60804 | | | Business debt of Meridian Industrial Service Corp. | X | X | X | Unknown |
| Account No.<br><br>Dr. Schubert 6 E. Phillip Rd., Suite 1101 Vernon Hills, IL 60061 | X | J | Unpaid medical bills | X | X | X | 5,380.00 |

Sheet no. __7__ of __26__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

5,380.00

B6F (Official Form 6F) (12/07) - Cont.

In re   Stacy S. Gilhart                                                     ,      Case No. _____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. xxxx9283 | | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Dun & Bradstreet Credibility Corp 22761 Pacific Coast Highway Malibu, CA 90265 | | | | | | X | X | X | Unknown |
| Account No. | | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Erin Gates 293 McMillan Street Grayslake, IL 60030 | | - | | | | | | | Unknown |
| Account No. 7996 | | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Everlights, Inc. 8027 N Lawndale Avenue Skokie, IL 60076 | | | | | | X | X | X | Unknown |
| Account No. | | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Excel Disposal, LLC 5817 46th Street Kenosha, WI 53144 | | | | | | X | X | X | Unknown |
| Account No. | | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Firemans Fund Insurance Company 777 San Marin Dr. Novato, CA 94998 | | - | | | | X | X | X | Unknown |

Sheet no. __8__ of __26__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

0.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Stacy S. Gilhart _____,    Case No. _____
                          Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> Euler Hermes Collections N. America <br> 600 S. 7th St. <br> Louisville, KY 40203 | | | Representing: <br> Firemans Fund Insurance Company | | | | Notice Only |
| Account No. <br><br> First Insurance Funding Corp. <br> 450 Skokie Blvd., Suite 1000 <br> P.O. Box 3306 <br> Northbrook, IL 60065-3306 | - | | Business debt of Meridian Industrial Service Corp. | X | X | X | Unknown |
| Account No. xxxxx-1160 <br><br> Fleet Services <br> US Bank Voyager Fleet Systems <br> P.O. Box 412535 <br> Kansas City, MO 64141-2535 | | | Business debt of Meridian Industrial Service Corp. - fuel credit card | X | X | X | 2,595.27 |
| Account No. xxxxxxxxxxxxxxxxxxxx3316 <br><br> Ford Motor Credit Company <br> P.O. Box 6508 <br> Mesa, AZ 85216-6508 | - | | Business debt of Meridian Industrial Service Corp. for 2008 Ford F-150 truck (repossessed on or about September 8, 2014) | X | X | X | 2,543.77 |
| Account No. xxxxx3316 <br><br> Ford Motor Company <br> P.O. Box 64400 <br> Colorado Springs, CO 80962-4400 | | | Representing: <br> Ford Motor Credit Company | | | | Notice Only |

Sheet no. __9__ of __26__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

5,139.04

B6F (Official Form 6F) (12/07) - Cont.

In re    Stacy S. Gilhart                                                    ,    Case No. _____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxND02 | | | Business debt of Meridian Industrial Service Corp. | | | | |
| GILCO Scaffolding Co LLC 515 Jarvis Avenue Des Plaines, IL 60018 | | | | X | X | X | Unknown |
| Account No. xxxxx4644 | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Grainger Collection Rep 1 401 S Wright Road Janesville, WI 53546-8729 | | | | X | X | X | Unknown |
| Account No. xxxxx4644 | | | Representing: Grainger | | | | Notice Only |
| Wholesale Collectors Association P.O. Box 5213 Janesville, WI 53547-5213 | | | | | | | |
| Account No. xxxxxxxx00-01 | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Great Midwest Insurance Company 800 Gessner, Suite 600 Houston, TX 77024 | - | | | X | X | X | Unknown |
| Account No. | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Hanover Insurance Company 440 Lincoln Street Worcester, MA 01653 | - | | | X | X | X | Unknown |

Sheet no. __10__ of __26__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                                                                    0.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Stacy S. Gilhart                                          ,    Case No. _____
_____
                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. xxxxxxxxx-x01-00 | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Hanover Insurance Group P.O. Box 580045 Charlotte, NC 28258-0045 | - | | | | X | X | X | Unknown |
| Account No. Meridian | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Hard Rock Concrete Cutters, Inc. 60 Chaddick Drive Wheeling, IL 60090 | | | | | X | X | X | Unknown |
| Account No. | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Hard Rock Inertia Equipment & Rental, LLC 730 S. Hancock Ave. Freeport, IL 61032 | - | | | | X | X | X | Unknown |
| Account No. | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Harleysville Insurance Company 355 Maple Ave. Harleysville, PA 19438-2297 | - | | | | X | X | X | Unknown |
| Account No. xxxx9388 | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Harleysville Lake States Insurance 600 E. Front St., Suite 200 Traverse City, MI 49686 | - | | | | X | X | X | Unknown |

Sheet no. __11__ of __26__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                    0.00

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    Stacy S. Gilhart _____ ,    Case No. _____
                              Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. xxxxxxxxx9634 | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Hinckley Springs 6750 Discovery Blvd. Mableton, GA 30126 | - | | | | X | X | X | 122.19 |
| Account No. | | | | Representing: Hinckley Springs | | | | Notice Only |
| Collections Bureau of America 25945 Eden Landing Rd. Hayward, CA 94545-3816 | | | | | | | | |
| Account No. | | | | Representing: Hinckley Springs | | | | Notice Only |
| Hinckley Springs 949 E. High St. Mundelein, IL 60060 | | | | | | | | |
| Account No. xx-xxxx821-1 | | | | Business debt of Meridian Industrial Service Corp. Pending lawsuit in Circuit Court of Cook County against Meridian Industrial Service Corp. Case No. 14 L 10409 | | | | |
| Homewood Disposal Service, Inc. 1501 W. 175th Street Homewood, IL 60430 | | | | | X | X | X | Unknown |
| Account No. xxx1-164 | | | | Representing: Homewood Disposal Service, Inc. | | | | Notice Only |
| Keefe, Campbell, Biery & Associates Midwest Defense Attorneys 118 N. Clinton St., Suite 300 Chicago, IL 60661 | | | | | | | | |

Sheet no. _12_ of _26_ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

122.19

B6F (Official Form 6F) (12/07) - Cont.

In re  Stacy S. Gilhart                                                    ,    Case No. _____
                        Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. xxxxxxx57-01 | | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Houston Specialty Insurance Company 800 Gessner, Suite 400 Houston, TX 77024 | - | | | | | X | X | X | Unknown |
| Account No. | | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| HUB International Scheer's 601 Oakmont Ln., Suite 400 Westmont, IL 60559 | - | | | | | X | X | X | Unknown |
| Account No. x9900 | | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Illinois Truck and Equipment 320 Briscoe Drive Morris, IL 60450 | | | | | | X | X | X | Unknown |
| Account No. | | | | | Representing: Illinois Truck and Equipment | | | | Notice Only |
| Nigro, Westfall & Gryska, P.C. 1793 Bloomingdale Rd. Glendale Heights, IL 60139 | | | | | | | | | |
| Account No. | | | | | Business debt of Meridian Industrial Service Corp. for office rent | | | | |
| Imagine Properties 21 N. Skokie Hwy., Suite 107 Lake Bluff, IL 60044 | - | | | | | X | X | X | 1,500.00 |

Sheet no. __13__ of __26__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

1,500.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Stacy S. Gilhart                                              ,    Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Imperial Credit Corporation 101 Hudson St. Jersey City, NJ 07302 | - | | | | X | X | X | |
| | | | | | | | | Unknown |
| Account No. | | | | Representing: Imperial Credit Corporation | | | | |
| Imperial Credit Corporation 1001 Winstead Drive, Suite 500 Cary, NC 27513 | | | | | | | | Notice Only |
| Account No. | | | | Representing: Imperial Credit Corporation | | | | |
| Imperial Credit Corporation 45 E. River Park Place West Suite 308 Fresno, CA 93720 | | | | | | | | Notice Only |
| Account No.  xxxx-xxxxxx05-00 | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Imperium Insurance Company 800 Gessner, Suite 600 Houston, TX 77024 | - | | | | X | X | X | |
| | | | | | | | | Unknown |
| Account No. | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| International Hauling and Excavating, Inc. 19464 Airport Road Romeoville, IL 60446 | | | | | X | X | X | |
| | | | | | | | | Unknown |

Sheet no. __14__ of __26__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

0.00

B6F (Official Form 6F) (12/07) - Cont.

In re  Stacy S. Gilhart _____,  Case No. _____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | Business debt of Meridian Industrial Service Corp. | | | | |
| International Union of Operating Engineers Local 150 6200 Joliet Road Countryside, IL 60525-3992 | - | | | X | X | X | Unknown |
| Account No. xxx-xx061-1 | | | Business debt of Meridian Industrial Service Corp. for insurance financing | | | | |
| IPFS Corporation 125 S. Wacker, Suite 1650 Chicago, IL 60606 | - | | | X | X | X | Unknown |
| Account No. | | | Business debt of Meridian Industrial Service Corp. | | | | |
| James River Insurance Company 6641 W. Broad St., Suite 300 Richmond, VA 23230 | - | | | X | X | X | Unknown |
| Account No. x3858 | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Kopka Pinkus Dolin & Eads, LLC 100 Lexington Drive, Suite 100 Buffalo Grove, IL 60089 | | | | X | X | X | Unknown |
| Account No. x3858 | | | Representing: Kopka Pinkus Dolin & Eads, LLC | | | | |
| Kopka Pinkus Dolan & Eads, PC 200 N. LaSalle St., Suite 2850 Chicago, IL 60601 | | | | | | | Notice Only |

Sheet no. _15_ of _26_ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)  0.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Stacy S. Gilhart                                                    ,    Case No. _____
                           Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xx4094<br><br>Laborers' Pension Fund, et al.<br>11465 Cermak Road<br>Westchester, IL 60154-5768 | - | | Business debt of Meridian Industrial Service Corp. Pending lawsuit in United States District Court Northern District of Illinois against Meridian Industrial Service Corp. Case No. 14 CV 7674 | X | X | X | Unknown |
| Account No.<br><br>Office of Fund Counsel<br>Jerrod Olszewski<br>111 W. Jackson Blvd., Suite 1415<br>Chicago, IL 60604 | | | Representing:<br>Laborers' Pension Fund, et al. | | | | Notice Only |
| Account No.<br><br>Liberty Insurance Underwriters Inc.<br>55 Water St., 18th Floor<br>New York, NY 10041 | - | | Business debt of Meridian Industrial Service Corp. | X | X | X | Unknown |
| Account No.<br><br>Master Hydraulic & Machining Co Inc<br>540 Morse Ave.<br>Schaumburg, IL 60193 | - | | Business debt of Meridian Industrial Service Corp. | X | X | X | Unknown |
| Account No.<br><br>Maxum Specialty Insurance Group<br>Maxum Indemnity Company<br>3655 N. Point Parkway, Suite 500<br>Alpharetta, GA 30005 | - | | Business debt of Meridian Industrial Service Corp. | X | X | X | Unknown |

Sheet no. __16__ of __26__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          0.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Stacy S. Gilhart                                                    ,    Case No. _____
                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. xx-xx4053 <br><br> Brennan & Clark, Ltd. <br> 721 E. Madison St., Suite 200 <br> Villa Park, IL 60181 | | | | Representing: <br> Maxum Specialty Insurance Group | | | | Notice Only |
| Account No. xxxx7411 <br><br> MBL Recycling, Inc. <br> 630 S. Hicks Road <br> Palatine, IL 60067 | | | | Business debt of Meridian Industrial Service Corp. | X | X | X | Unknown |
| Account No. xx3990 <br><br> McCann Industries, Inc. <br> 543 South Rohlwing Road <br> Addison, IL 60601 | | | | Business debt of Meridian Industrial Service Corp. <br> Pending lawsuit in DuPage County Circuit Court against Meridian Industrial Service Corp. and Debtor <br> Case No. 14 SR 1851 | X | X | X | Unknown |
| Account No. <br><br> Nigro, Westfall & Gryska, P.C. <br> 1793 Bloomingdale Rd. <br> Glendale Heights, IL 60139 | | | | Representing: <br> McCann Industries, Inc. | | | | Notice Only |
| Account No. <br><br> Medina Transport Inc. <br> 8637 South Karlov Avenue <br> Chicago, IL 60652 | | | | Business debt of Meridian Industrial Service Corp. | X | X | X | Unknown |

Sheet no. __17__ of __26__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                                                          0.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Stacy S. Gilhart                                                    ,    Case No. _____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. <br><br> Meridian Design Build, LLC <br> c/o Bronson & Kahn LLC <br> 150 W. Wacker Dr., Suite 1400 <br> Chicago, IL 60606 | - | | | Business debt of Meridian Industrial Service Corp. Pending lawsuit in Lake County Circuit Court against Meridian Industrial Services Corporation and Debtor <br> Case No. 14 L 615 | X | X | X | Unknown |
| Account No. xxx6893 <br><br> Meridian Design Build, LLC <br> c/o Arnstein & Lehr LLP <br> 120 S. Riverside Plaza, Suite 1200 <br> Chicago, IL 60606 | - | | | Business debt of Meridian Industrial Service Corp. Claims Under Performance and Payment Bond | X | X | X | Unknown |
| Account No. <br><br> Michael Badali Services <br> PO Box 1263 <br> Beacher, IL 60401 | | | | Business debt of Meridian Industrial Service Corp. | X | X | X | Unknown |
| Account No. x9553 <br><br> Midwest Operating Engineers Fringe Benefit Funds - I.U.O.E Local 150 <br> P.O. Box 74632 <br> Chicago, IL 60675-4632 | - | | | Business debt of Meridian Industrial Service Corp. | X | X | X | Unknown |
| Account No. xx0581 <br><br> Mobil Mini, Inc. <br> 7420 S. Kyrene Rd., Suite 101 <br> Tempe, AZ 85283 | | | | Business debt of Meridian Industrial Service Corp. | X | X | X | Unknown |

Sheet no.  18   of  26   sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                              0.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Stacy S. Gilhart                                                          ,    Case No. _____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xx0581 | | | | | | | |
| Vengroff Williams, Inc. P.O. Box 4155 Sarasota, FL 34230-4155 | | | Representing: Mobil Mini, Inc. | | | | Notice Only |
| Account No. xxxxx-xx-7507 | | | Business debt of Meridian Industrial Service Corp. | | | | |
| National Union Fire Insurance Co AIG Specialty Workers Compensation 70 Pine St. New York, NY 10270 | - | | | X | X | X | Unknown |
| Account No. MERIDI | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Occupational Training & Supply, Inc 7233 Adams Street Willowbrook, IL 60527 | | | | X | X | X | Unknown |
| Account No. xx6046 | | | Business debt of Meridian Industrial Service Corp. Pending lawsuit in Lake County Circuit Court against Meridian Industrial Services Corporation, Debtor, et al. Case No. 14 SC 6229 | | | | |
| Olson Oil Company, Inc. 115 Old Skokie Road Park City, IL 60085 | X | | | X | X | X | Unknown |
| Account No. x5709 | | | | | | | |
| David J. Axelrod & Associates 1448 Old Skokie Road Highland Park, IL 60035 | | | Representing: Olson Oil Company, Inc. | | | | Notice Only |

Sheet no. __19__ of __26__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          0.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Stacy S. Gilhart                                                    ,    Case No. _____
                                          Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. 5780 | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Olson Service Co. PO Box 68 Fox Lake, IL 60020 | | | | | X | X | X | Unknown |
| Account No. xxx9374 | | | | Representing: Olson Service Co. | | | | Notice Only |
| Cain & Weiner 1699 East Woodfield Road, #360 Schaumburg, IL 60173 | | | | | | | | |
| Account No. | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Ordaz Trucking, Inc. 2848 West Pershing Rd. Chicago, IL 60632 | | | | | X | X | X | Unknown |
| Account No. | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Patten Industries, Inc. 635 W. Lake St. Elmhurst, IL 60126 | - | | | | X | X | X | Unknown |
| Account No. | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Premier Outdoor Environments, Inc. 205 East Butterfield Road Suite 272 Elmhurst, IL 60126 | | | | | X | X | X | Unknown |

Sheet no. __20__ of __26__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                     0.00

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com
                                                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re   Stacy S. Gilhart _____,   Case No. _____
                                   Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Recycle Technologies, Inc. 4000 Winnetka Ave. N., #210 Minneapolis, MN 55427 | - | | | | X | X | X | |
| | | | | | | | | Unknown |
| Account No. xx6165 | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Rental Max 908 E. Roosevelt Road Wheaton, IL 60187 | - | | | | X | X | X | |
| | | | | | | | | Unknown |
| Account No. x7896 | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Rockford Industrial Welding Supply 4646 Linden Road P.O. Box 5404 Rockford, IL 61125-0404 | - | | | | X | X | X | |
| | | | | | | | | Unknown |
| Account No. x2366 | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Roland Machinery Co. 816 North Dirksen Parkway Springfield, IL 62702 | - | | | | X | X | X | |
| | | | | | | | | Unknown |
| Account No. xxxxx8369 | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| RSUI Indemnity Company 945 E. Paces Ferry Rd., Suite 1800 Atlanta, GA 30326 | - | | | | X | X | X | |
| | | | | | | | | Unknown |

Sheet no. __21__ of __26__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)       0.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Stacy S. Gilhart                                                           ,    Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. xxRI01 | | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Sargents Equipment & Repair Service 281 E. Sauk Trail South Chicago Heights, IL 60411 | | | | | | X | X | X | Unknown |
| Account No. | | | | | Representing: Sargents Equipment & Repair Service | | | | |
| Sargents Equipment & Repair Service 155 Industrial Drive Gilberts, IL 60136 | | | | | | | | | Notice Only |
| Account No. | | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Scorpio Excavating Inc. 1708 E Euclid Ave. Arlington Heights, IL 60004 | | | | | | X | X | X | Unknown |
| Account No. xx-xx188-9 | | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Service Sanitation, Inc. 135 Blaine Street Gary, IN 46406 | | | | | | X | X | X | Unknown |
| Account No. | | | | | Representing: Service Sanitation, Inc. | | | | |
| MLA Murphy Iomon & Associates 2860 River Road, Suite 200 Des Plaines, IL 60018 | | | | | | | | | Notice Only |

Sheet no. __22__ of __26__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)        0.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Stacy S. Gilhart _____,    Case No. _____
_____ Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. xxx xxxxx24 00 | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| State Auto Insurance Company State Auto Property & Casualty Ins 518 E. Broad St. Columbus, OH 43215-3976 | | - | | | X | X | X | Unknown |
| Account No. xx4980 | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| SunBelt Rentals, Inc. 1275 W Mound Street Columbus, OH 43223 | | | | | X | X | X | Unknown |
| Account No. | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Susan Gilhart 273 E. Colonial Dr. Vernon Hills, IL 60061 | | - | | | | | | Unknown |
| Account No. xxxxxxxx86-00 | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Technology Insurance Company 8995 Westside Parkway Alpharetta, GA 30009 | | - | | | X | X | X | Unknown |
| Account No. | | | | Representing: Technology Insurance Company | | | | Notice Only |
| Technology Insurance Company 20 Trafalger Square, Suite 459 Nashua, NH 03063 | | | | | | | | |

Sheet no. __23__ of __26__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    0.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Stacy S. Gilhart                                                                    ,    Case No. _____
                                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. | | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Three Generations Enterprises, Inc. 1211 Main Street Crete, IL 60417 | | | | | | X | X | X | Unknown |
| Account No. xxxxxxxx0ALI | | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Torus Specialty Insurance Co. Harborside Financial Center Plaza Five, Suite 2900 Jersey City, NJ 07311 | | - | | | | X | X | X | Unknown |
| Account No. | | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| United Rentals 6125 Lakeview Road, Suite 300 Charlotte, NC 28269 | | | | | | X | X | X | Unknown |
| Account No. | | | | | Representing: United Rentals | | | | Notice Only |
| Accurate Lien & Contractors Assistance, Inc. 6210 E. Thomas Rd., Suite 203 Scottsdale, AZ 85251 | | | | | | | | | |
| Account No. | | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Verde Recycling / BoxCo, Inc 3 Golf Center #290 Hoffman Estates, IL 60160 | | | | | | X | X | X | Unknown |

Sheet no. __24__ of __26__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

0.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Stacy S. Gilhart                                              ,    Case No. _____
                          Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. x8775 | | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Village of Arlington Heights c/o ARMOR Systems Corporation 1700 Kiefer Drive, Suite 1 Zion, IL 60099-5105 | | | | | | X | X | X | Unknown |
| Account No. xx-xxxx5201 | | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Welding Industrial Supply Corp. 220 N. Western Avenue Chicago, IL 60647 | | | | | | X | X | X | Unknown |
| Account No. xxxxxxxx8700 | | | | | Business debt of Meridian Industrial Service Corp. for John Deere 450 Excavator | | | | |
| Wells Fargo Equipment Finance, Inc. 733 Marquette Ave., Suite 700 Minneapolis, MN 55402 | - | | | | | X | X | X | 50,000.00 |
| Account No. xxxxxx0847 | | | | | Business debt of Meridian Industrial Service Corp. Pending lawsuit in DuPage County Circuit Court against Meridian Industrial Service Corp. and Debtor Case No. 14 AR 1432 | | | | |
| West Side Tractor Sales Co. West Side Exchange Dpt. #4570 PO Box 87618 Chicago, IL 60680 | | | | | | X | X | X | Unknown |
| Account No. | | | | | | | | | |
| Nigro, Westfall & Gryska, P.C. 1793 Bloomingdale Rd. Glendale Heights, IL 60139 | | | | | Representing: West Side Tractor Sales Co. | | | | Notice Only |

Sheet no. __25__ of __26__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)        50,000.00

B6F (Official Form 6F) (12/07) - Cont.

In re    Stacy S. Gilhart                                                    ,    Case No. _____
                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | Business debt of Meridian Industrial Service Corp. | | | | |
| Westchester Surplus Lines Insurance Socius Insurance Services, Inc. 2205 Point Blvd., Suite 175 Elgin, IL 60123 | - | | | | X | X | X | Unknown |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |

Sheet no. __26__ of __26__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    0.00

Total
(Report on Summary of Schedules)    159,913.21

B6G (Official Form 6G) (12/07)

.

In re    Stacy S. Gilhart                                 ,     Case No. _____
                                     Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| | |

0
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                            Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

.

In re    Stacy S. Gilhart                                                    ,    Case No. _____
                                    Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Erin Gates<br>293 McMillan Street<br>Grayslake, IL 60030 | Olson Oil Company, Inc.<br>115 Old Skokie Road<br>Park City, IL 60085 |
| Susan Gilhart<br>273 E. Colonial Dr.<br>Vernon Hills, IL 60061 | Specialized Loan Servicing LLC<br>P.O. Box 105219<br>Atlanta, GA 30348 |
| Susan Gilhart<br>273 E. Colonial Dr.<br>Vernon Hills, IL 60061 | PNC Bank<br>P.O. Box 856177<br>Louisville, KY 40285-6177 |
| Susan Gilhart<br>273 E. Colonial Dr.<br>Vernon Hills, IL 60061 | Citibank MasterCard<br>Citibank Customer Service<br>P.O. Box 6500<br>Sioux Falls, SD 57117 |
| Susan Gilhart<br>273 E. Colonial Dr.<br>Vernon Hills, IL 60061 | Dr. Schubert<br>6 E. Phillip Rd., Suite 1101<br>Vernon Hills, IL 60061 |

    0
_____ continuation sheets attached to Schedule of Codebtors

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | Stacy S. Gilhart |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form B 6I
## Schedule I: Your Income                                                    12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:     Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | **Employment status** | ☐ Employed<br>■ Not employed | ☐ Employed<br>■ Not employed |
| | **Occupation** | | |
| | **Employer's name** | | |
| | **Employer's address** | | |
| | **How long employed there?** | | |

### Part 2:     Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $      0.00 | $      0.00 |
| 3. | Estimate and list monthly overtime pay. | 3. | +$      0.00 | +$      0.00 |
| 4. | Calculate gross Income. Add line 2 + line 3. | 4. | $      0.00 | $      0.00 |

Debtor 1   Stacy S. Gilhart                                    Case number (if known) _____

|  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| **Copy line 4 here** | 4. | $ 0.00 | $ 0.00 |

**5. List all payroll deductions:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $ 0.00 | $ 0.00 |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | $ 0.00 |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $ 0.00 | $ 0.00 |
| 5d. **Required repayments of retirement fund loans** | 5d. | $ 0.00 | $ 0.00 |
| 5e. **Insurance** | 5e. | $ 0.00 | $ 0.00 |
| 5f. **Domestic support obligations** | 5f. | $ 0.00 | $ 0.00 |
| 5g. **Union dues** | 5g. | $ 0.00 | $ 0.00 |
| 5h. **Other deductions.** Specify: _____ | 5h.+ | $ 0.00 + | $ 0.00 |

**6. Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.   6.   $ 0.00   $ 0.00

**7. Calculate total monthly take-home pay.** Subtract line 6 from line 4.   7.   $ 0.00   $ 0.00

**8. List all other income regularly received:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ 0.00 |
| 8b. **Interest and dividends** | 8b. | $ 0.00 | $ 0.00 |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. **Unemployment compensation** | 8d. | $ 1,538.33 | $ 281.67 |
| 8e. **Social Security** | 8e. | $ 0.00 | $ 0.00 |
| 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $ 0.00 | $ 0.00 |
| 8g. **Pension or retirement income** | 8g. | $ 0.00 | $ 0.00 |
| 8h. **Other monthly income.** Specify: _____ | 8h.+ | $ 0.00 + | $ 0.00 |

**9. Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.   9.   $ 1,538.33   $ 281.67

**10. Calculate monthly income.** Add line 7 + line 9.   10.   $ 1,538.33 + $ 281.67 = $ 1,820.00
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

**11. State all other regular contributions to the expenses that you list in Schedule J.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
Specify: _____   11.   +$ 0.00

**12. Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies   12.   $ 1,820.00

**Combined monthly income**

**13. Do you expect an increase or decrease within the year after you file this form?**
☐ No.
■ Yes. Explain: | Both Debtor and his spouse are currently unemployed but seeking employment. |

Fill in this information to identify your case:

Debtor 1          Stacy S. Gilhart

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number
(If known)

Check if this is:

☐ An amended filing
☐ A supplement showing post-petition chapter
   13 expenses as of the following date:

   _____
   MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor
   2 maintains a separate household

## Official Form B 6J
## Schedule J: Your Expenses                                                        12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct
information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case
number (if known). Answer every question.

### Part 1:   Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

      ☐ No
      ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**   ☐ No

   Do not list Debtor 1 and       ■ Yes. Fill out this information for
   Debtor 2.                      each dependent..............

   Do not state the
   dependents' names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | Daughter | 21 | ☐ No ■ Yes |
   | | | ☐ No ☐ Yes |
   | | | ☐ No ☐ Yes |
   | | | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**   ■ No  ☐ Yes

### Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report
expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the
applicable date.

Include expenses paid for with non-cash government assistance if you know
the value of such assistance and have included it on *Schedule I: Your Income*
(Official Form 6I.)

| | | Your expenses |
|---|---|---|

4. **The rental or home ownership expenses for your residence.** Include first mortgage
   payments and any rent for the ground or lot.                        4. $          2,325.00

   If not included in line 4:

   4a.   Real estate taxes                                             4a. $              0.00
   4b.   Property, homeowner's, or renter's insurance                  4b. $            135.00
   4c.   Home maintenance, repair, and upkeep expenses                 4c. $            100.00
   4d.   Homeowner's association or condominium dues                   4d. $              0.00
5. **Additional mortgage payments for your residence,** such as home equity loans   5. $   0.00

Debtor 1    Stacy S. Gilhart                                             Case number (if known)

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a.    Electricity, heat, natural gas | 6a. | $ | 210.00 |
| | 6b.    Water, sewer, garbage collection | 6b. | $ | 115.00 |
| | 6c.    Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | 100.00 |
| | 6d.    Other. Specify: | 6d. | $ | 0.00 |
| 7. | **Food and housekeeping supplies** | 7. | $ | 500.00 |
| 8. | **Childcare and children's education costs** | 8. | $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ | 0.00 |
| 10. | **Personal care products and services** | 10. | $ | 0.00 |
| 11. | **Medical and dental expenses** | 11. | $ | 0.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ | 300.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ | 0.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a.    Life insurance | 15a. | $ | 0.00 |
| | 15b.    Health insurance | 15b. | $ | 0.00 |
| | 15c.    Vehicle insurance | 15c. | $ | 80.00 |
| | 15d.    Other insurance. Specify: | 15d. | $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. | $ | 0.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a.    Car payments for Vehicle 1 | 17a. | $ | 657.58 |
| | 17b.    Car payments for Vehicle 2 | 17b. | $ | 710.43 |
| | 17c.    Other. Specify:    Lund Boat | 17c. | $ | 334.16 |
| | 17d.    Other. Specify: | 17d. | $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5,** *Schedule I, Your Income* **(Official Form 6I).** | 18. | $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** | | $ | 800.00 |
| | Specify:    Payment for support of dependents not living at home | 19. | | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on** *Schedule I: Your Income.* | | | |
| | 20a.    Mortgages on other property | 20a. | $ | 0.00 |
| | 20b.    Real estate taxes | 20b. | $ | 0.00 |
| | 20c.    Property, homeowner's, or renter's insurance | 20c. | $ | 0.00 |
| | 20d.    Maintenance, repair, and upkeep expenses | 20d. | $ | 0.00 |
| | 20e.    Homeowner's association or condominium dues | 20e. | $ | 0.00 |
| 21. | **Other:** Specify: | 21. | +$ | 0.00 |
| 22. | **Your monthly expenses.** Add lines 4 through 21. The result is your monthly expenses. | 22. | $ | 6,367.17 |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a.    Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. | $ | 1,820.00 |
| | 23b.    Copy your monthly expenses from line 22 above. | 23b. | -$ | 6,367.17 |
| | 23c.    Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. | $ | -4,547.17 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☐ No.

■ Yes.    Both Debtor and his spouse are currently unemployed but seeking employment.
Explain:

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
### Northern District of Illinois

In re    Stacy S. Gilhart
_____
                                    Debtor(s)

Case No. _____

Chapter    7

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of    48    sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date    December  3, 2014

Signature    /s/ Stacy S. Gilhart
                    Stacy S. Gilhart
                    Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Northern District of Illinois

In re    Stacy S. Gilhart                             Case No. _____

                                  Debtor(s)           Chapter    7

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $57,211.70 | 2014 YTD income from employment |
| $58,846.32 | 2013 income from employment |
| $85,000.24 | 2012 income from employment |

---

### 2. Income other than from employment or operation of business

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $3,905.00 | 2014 YTD unemployment income (through December 3, 2014) |

B7 (Official Form 7) (04/13)
2

---

### 3. Payments to creditors

None ■

***Complete a. or b., as appropriate, and c.***

    a.   *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ■

    b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ■

    c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

### 4.  Suits and administrative proceedings, executions, garnishments and attachments

None ☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Meridian Design Build, LLC v. Meridian Industrial Services Corporation, et al. Case No. 14 L 615 | Contract | Circuit Court of the 19th Judicial Circuit, Lake County, Illinois | Pending |
| West Side Tractor Sales Co. v. Meridian Industrial Service Corp. and Stacy Gilhart Case No. 14 AR 1432 | Contract | Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois | Pending |
| Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, and James S. Jorgensen v. Meridian Industrial Service Corp. Case No. 14 CV 7674 | | United States District Court, Northern District of Illinois, Eastern Division | Pending |
| Bell Fuels, Inc. v. Meridian Industrial Service Corp., et al. Case No. 14 CH 16789 | Mechanics Lien | Circuit Court of Cook County, Illinois, County Department, Chancery Division | Pending |

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)                                                                                    3

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Olson Oil Company, Inc. v. Meridian Industrial Service Corp., et al. Case No. 14 SC 6629 | | Circuit Court of the 19th Judicial Circuit, Lake County, Illinois | Pending |
| McCann Industries Inc. v. Meridian Industrial Services Corp., et al. Case No. 14 SR 1851 | Contract | Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois | Pending |
| Darren Beuder, et al. v. Meridian Industrial Service Corp., et al. Case No. 10 L 6795 | Personal Injury | Circuit Court of Cook County, Illinois, Law Division | Pending |
| Homewood Disposal Service, Inc. v. Meridian Industrial Service Corp. Case No. 14 L 10409 | Contract | Circuit Court of Cook County, Illinois, Law Division | Pending |

None
■    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5. Repossessions, foreclosures and returns**

None
☐    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Ford Motor Credit Company P.O. Box 6508 Mesa, AZ 85216-6508 | on or about September 8, 2014 | 2008 Ford F-150 truck |
| Bank of America P.O. Box 2284 Brea, CA 92822 | on or about September 30, 2014 | 2012 Ford F-150 truck |

---

**6. Assignments and receiverships**

None
■    a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

B7 (Official Form 7) (04/13)                                                                                          4

---

### 7. Gifts

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

---

### 8. Losses

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

### 9. Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Ralph, Schwab & Schiever, Chtd. 175 E. Hawthorn Parkway Suite 345 Vernon Hills, IL 60061 | November 13, 2014 | $3,835.00 for debt counseling and Chapter 7 filing fee. |

---

### 10. Other transfers

None
■

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

B7 (Official Form 7) (04/13)                                                                                                                5

**11.  Closed financial accounts**

None
■
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or
otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other
financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds,
cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must
include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed,
unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12.  Safe deposit boxes**

None
■
List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year**
immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or
depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13.  Setoffs**

None
■
List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the
commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14.  Property held for another person**

None
■
List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15.  Prior address of debtor**

None
■
If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor
occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate
address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None
■
If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho,
Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the
commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in
the community property state.

NAME

B7 (Official Form 7) (04/13)                                                                                                                          6

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
■   a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
■   b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
■   c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

**18 . Nature, location and name of business**

None
☐   a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
| --- | --- | --- | --- | --- |
| Meridian Industrial Service Corp. | 32-0089298 | 11 N. Skokie Hwy., Suite 206 Lake Bluff, IL 60044 | Demolition | August, 2003 to present |

None
■   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
| --- | --- |

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None
☐   a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| TAC Services, Inc.<br>Sean Herbrand<br>Steve Salutric<br>3217 Charlemagne Lane<br>Saint Charles, IL 60174 | |

None
☐   b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| TAC Services, Inc. | Sean Herbrand<br>Steve Salutric<br>3217 Charlemagne Lane<br>Saint Charles, IL 60174 | |

None
☐   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| TAC Services, Inc. | Sean Herbrand<br>3217 Charlemagne Lane<br>Saint Charles, IL 60174 |

None
☐   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| American Chartered Bank<br>Ed Garner<br>9561 W. 171st Street<br>Tinley Park, IL 60487 | On or about December 11, 2013 |
| Leaders Bank<br>Russ Armstrong<br>2001 S. York Road<br>Oak Brook, IL 60523 | On or about March 1, 2013 |
| Assurance Agency<br>Bill Reidinger<br>1750 E. Golf Rd.<br>Schaumburg, IL 60173 | On or about December 11, 2013 |

B7 (Official Form 7) (04/13)                                                                                                          8

---

**20. Inventories**

None
■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory,
and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None
■    b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

---

**21 . Current Partners, Officers, Directors and Shareholders**

None
■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None
■    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns,
controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

---

**22 . Former partners, officers, directors and shareholders**

None
■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the
commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None
■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year**
immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None
■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation
in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the
commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**24. Tax Consolidation Group.**

None
■    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated
group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement
of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

---

B7 (Official Form 7) (04/13)                                                                                              9

---

**25. Pension Funds.**

None
■      If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an
        employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                                  TAXPAYER IDENTIFICATION NUMBER (EIN)

* * * * * *

B7 (Official Form 7) (04/13)
10

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date    December  3, 2014                Signature    /s/ Stacy S. Gilhart

                                                      Stacy S. Gilhart
                                                      Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Northern District of Illinois

In re   Stacy S. Gilhart _____   Case No. _____
_____   Chapter   7
Debtor(s)

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>-NONE- | **Describe Property Securing Debt:** |

Property will be (check one):
☐ Surrendered         ☐ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
☐ Claimed as Exempt              ☐ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>-NONE- | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES         ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date   December  3, 2014 _____        Signature   /s/ Stacy S. Gilhart _____
                                                           Stacy S. Gilhart
                                                           Debtor

# United States Bankruptcy Court
### Northern District of Illinois

In re    Stacy S. Gilhart

                                       Debtor(s)

Case No.              

Chapter      7

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 3,500.00 |
| Prior to the filing of this statement I have received | $ | 3,500.00 |
| Balance Due | $ | 0.00 |

2.   $   335.00   of the filing fee has been paid.

3.   The source of the compensation paid to me was:

     ■ Debtor      ☐ Other (specify):

4.   The source of compensation to be paid to me is:

     ■ Debtor      ☐ Other (specify):

5.   ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

     a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
     b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
     c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
     d.  [Other provisions as needed]
         Exemption advice.

7.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:

         Any other matters which may arise in the case, including for example, but not limited to, i) objections to exemptions, ii) any adversary proceedings, including without limitation, objections to discharge and/or complaints to determine dischargeability of debt, iii) United States Trustee's office compliance inquiries and enforcement proceedings, iv) Rule 2004 Examinations, v) proceedings or actions to obtain documents or information from creditors or third parties by either voluntary request, compulsory process or non-judicial or judicial proceedings, vi) any matters requiring legal services in non-bankruptcy law practice areas, vii) judicial or non-judicial proceedings in a venue and/or forum other than the United States Bankruptcy Court, viii) relief from stay actions, ix) preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods, x) tax or related accounting services, xi) estate planning, xii) civil or criminal litigation.

### CERTIFICATION

     I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:    December 3, 2014

/s/ David J. Schwab
David J. Schwab 6204333
Ralph, Schwab & Schiever, Chartered
175 East Hawthorn Parkway
Suite 345
Vernon Hills, IL 60061
847-367-9699  Fax: 847-367-9621

# Ralph, Schwab & Schiever, Chartered
## Attorneys at Law

Michael L. Ralph, Sr.
David J. Schwab
Carey J. Schiever
Michael L. Ralph, Jr.
Joel H. Norton
Sharanya Gururajan

**175 East Hawthorn Parkway**
**Suite 345**
**Vernon Hills, Illinois  60061**
**(847) 367-9699**
**Fax: (847) 367-9621**
**E-mail: mralph@rss-chtd.com**

Chicago Address:

**(Please send mail to**
**to Vernon Hills)**
39 S. LaSalle Street, Suite 605
Chicago, IL  60603
(312) 641-6696

November 7, 2014

**Via First Class Mail and**
**E-mail to stacy@meridiandemo.com**

Stacy Gilhart
273 East Colonial Drive
Vernon Hills, IL 60061

      Re:    Gilhart/BK
             Amended Advance Payment Retainer Agreement
             Our File No.: 14-1186

Dear Stacy:

    This letter will confirm your limited engagement of Ralph, Schwab & Schiever, Chartered (the "Firm") and the basis upon which the Firm will represent you.  It is the Firm's understanding that subject to and in accordance with the Firm's "Standard Terms of Engagement for Legal Services," the Firm is to represent you, individually, in connection with your filing of a Chapter 7 Bankruptcy case in the United States Bankruptcy Court, Northern District of Illinois, Eastern Division.

    1.    <u>Services to be Rendered.</u>  Our services will include consultation concerning bankruptcy and creditor's rights, preparation of all pleadings necessary to commence the case; and with your assistance, the preparation of both the Bankruptcy Schedules and Statement of Financial Affairs; attendance at the initial session of the Section 341 Meeting of Creditors and the initial session of a discharge hearing (if required), and routine hearings for reaffirmation and lien avoidance.

    2.    <u>Exclusion from Services.</u>  Our services  will not include any other matters which may arise in the case, including for example, but not limited to, representing you in connection with:  i) objections to exemptions, ii) objections to discharge, iii) complaints to determine dischargeability of debts, iv) United States Trustee's office compliance inquiries and enforcement proceedings, v) Rule 2004 Examinations, vi) proceedings or actions to obtain documents or information from

Stacy Gilhart
Page 2
October 9, 2014

creditors or third parties by either voluntary request or compulsory process, viii) any matters requiring legal expertise in non-bankruptcy law practice areas, ix) adversary proceedings, if any, or x) judicial or non-judicial proceedings in a venue other than the bankruptcy court. Our representation in any matters arising and not covered by this engagement agreement will be subject to a separate engagement agreement. Unless we enter into a separate engagement agreement in writing, it is expressly understood that this engagement agreement does not obligate the Firm in any way to represent you in any other matters other than described in paragraph number one above.

     3.    <u>The Attorney's Fees.</u> The Firm has agreed to represent you for a reasonable fee based upon the experience of the attorneys and paralegals handling the matter and calculated upon the attorneys' and paralegal's hourly time involved in handling the matter. At the present time, my hourly rate, as well as the hourly rate for David J. Schwab and Carey J. Schiever, is $350.00. The hourly rate for Michael L. Ralph, Jr. is $295.00. The hourly rate of associates of the firm is $250.00 per hour, and the current rate for paralegal's time is $150.00 per hour. We will inform you on our billing invoices of any change in the hourly rate of any personnel assisting with your representation.

     Before proceeding further on your behalf, we would ask that you pay this firm an Advance Payment Retainer in the amount of $3,500.00 plus the sum of $335.00 for the filing fee for the above-referenced services. Both *Dowling v. Chicago Options Associates, Inc. et al.,* 226 Ill.3d 277, 875 N.E.2s 1012 (2007), and the revised Illinois Rules of Professional Conduct of 2010 provide that an agreement for an Advance Payment Retainer shall be in writing signed by the client that uses the term "Advance Payment Retainer" to describe the retainer, and states the following:

     (1)    the special purpose for the Advance Payment Retainer and an explanation why it is advantageous to the client;

     (2)    that the Advance Payment Retainer will not be held in a client trust account, that it will become the property of the lawyer upon payment, and that it will be deposited in the lawyer's general account;

     (3)    the manner in which the Advance Payment Retainer will be applied for services rendered and expenses incurred;

     (4)    that any portion of the Advance Payment Retainer that is not earned or required for expenses will be refunded to the client; and

     (5)    that the client has the option to employ a security retainer, provided, however, that if the lawyer is unwilling to represent the client without receiving an Advance Payment Retainer, the agreement must so state and provide the lawyer's reasons for that condition.

2

Stacy Gilhart
Page 3
October 9, 2014

An Advance Payment Retainer is treated as income upon receipt by our firm, deposited into our firm's operating account, and is not held in our firm's client trust account. An Advance Payment Retainer is not considered our clients' property. Accordingly, an Advance Payment Retainer is protected against claims of our clients' creditors. This feature of an Advance Payment Retainer constitutes a special purpose for its use in your case, and for this reason it is advantageous to you.

Alternatively, a Security Retainer is deposited into our firm's client trust account, and is not treated as income or property of our firm until the funds are applied toward outstanding invoices. The funds paid to a lawyer pursuant to a Security Retainer are not present payment for future services. This means that a Security Retainer is considered our clients' property, and is not protected from our clients' creditors.

For the reasons stated above, our firm is only willing to represent you on an Advance Payment Retainer basis.

We will endeavor to send a bill to you on a monthly basis unless services performed during the prior month are minimal. Detailed time records will, of course, be available for your inspection. Any expenses incurred and disbursements made by us on your behalf will be payable by you in addition to our fees and will be billed with the fee invoices.

4.    Costs and Expenses.  It is understood that the above attorneys' fees do not include fees, costs and expenses for outside services and assistance such as: Chapter 7 filing fees (the filing fee is $335.00), deposition costs, reasonable charges for travel expenses, food and lodging outside of Chicago, Illinois, long distance telephone calls, photocopy expenses, appraisers, expert witnesses, investigators, associate counsel, accountants, and financial analysts. If any such fees, costs or expenses are to be incurred, and to the extent possible under the circumstances it will be by prior agreement with you. You shall be responsible for payment for all such amounts. These costs and expenses will be billed with the fee invoices.

5.    Payment of Credit Report for Bankruptcy Due Diligence.  Our firm may elect to obtain a credit report in order to ensure bankruptcy due diligence when preparing your bankruptcy schedules. In doing so, you will be asked to review and complete a Consumer Authorization and Release form which authorizes our firm to obtain consumer report/credit information from First American Credco, a service that combines the reporting efforts of Expirian, TransUnion and Equifax credit reporting bureaus. Credit reports will be obtained in an effort to ensure that all creditors and collection agencies are aware of your bankruptcy, and ultimately, to provide you with assurance that such debts will be discharged. It is your responsibility to review and verify the accuracy of any

11/7/2014 9:37 AM
299598_1:14-1120

Stacy Gilhart
Page 4
October 9, 2014

debts appearing on your credit report. Additionally, if any debt appears on the credit report that you have an interest in reaffirming, we may attempt to obtain a reaffirmation agreement from such creditor on your behalf.

You will be responsible for the fees required to obtain the credit report. Individual debtor credit reports are $28.00. Joint debtor credit reports are $48.00.

6.    Payment of Fees and Cost.    In the event our arrangement is based upon hourly billing, on a periodic basis, the Firm will submit to you itemized statements of services rendered setting forth the date, description of such service, time spent in rendering such service, name of attorney, legal assistant, or other staff member rendering such service, and the hourly rate therefore, together with an itemization of all expenses incurred or paid. All of such charges shall be credited against the retainer fee paid. All fees and expenses shall first be charged against our retainer. In the event our total fees and expenses are less than our retainer, we will refund the difference to you, without interest. In the event there are insufficient funds remaining in the retainer, you shall pay the Firm all such fees, costs and expenses upon submission by the Firm of its monthly billing statement. All payments of fees and costs that are billed are due and payable within thirty (30) days after the billing date. The Firm also reserves the right to request an additional retainer. Timely payment of the fees costs and expenses are your personal obligation.

7.    Amendments to Schedules.    Creditors who are not listed in the Bankruptcy Schedules may not be discharged in the bankruptcy case. It is your duty to provide a complete and accurate listing of all creditors. The Firm will rely upon this list and cannot conduct an independent investigation of the names and addresses of your creditors. A debtor has the right to amend his or her Bankruptcy Schedules at any time up to the discharge of a debtor. The Firm will prepare any amendments to the Bankruptcy Schedules (i.e. to add creditors, to add or change values of property, to change exemptions on property, etc.) at an additional hourly charge per professional rendering such service together with any filing fee required for the amendment.

8.    Bankruptcy Case.    When the bankruptcy petition is filed, an automatic stay will take effect which prohibits most creditors from taking any action to collect their claims or enforce their liens outside of the bankruptcy court without obtaining leave from the bankruptcy court to do so. For example, most creditors are not allowed to file suit against you, nor foreclose upon or repossess any of your property without obtaining leave from the bankruptcy court to do so. It is essential, of course, that our office be told of any threatened lawsuits, foreclosures, or repossessions, as well as all pending lawsuits, foreclosures or repossessions or other actions so that we can make sure that the creditors and their attorneys are notified.

4

Stacy Gilhart
Page 5
October 9, 2014

It is your desire to obtain the most complete debt discharge which can be obtained under the facts of your case and applicable law. We have advised you that some debts are not capable of discharge, and we discussed the general nature of the non-dischargeable debts which arise most frequently. We cannot state whether your debts will be discharged. In addition, some of your property may be subject to a lien or security interest. It will be necessary to pay these debts in order to retain such property, unless the lien or security interest can be avoided, in part or whole. Consistent with our engagement, we will advise you with respect to reaffirmation agreements and avoidance issues.

9.    Miscellaneous. This engagement agreement, including our attached "Standard Terms of Engagement for Legal Services", is the sole and exclusive agreement covering the Firm's representation. Any modification of this engagement agreement must be in writing, signed by you and an authorized attorney of the Firm.

It is understood that we do not guarantee the accomplishment of any result, but agree to give our best efforts on your behalf.

As the matter of our representation included in this engagement agreement involves bankruptcy, this engagement agreement is subject to modification and/or review by the bankruptcy court.

In the event of any litigation concerning this engagement agreement, the prevailing party shall be entitled to attorneys' fees as a part of its damages.

10.    Agreement to Terms and Conditions. We trust that this engagement agreement is not unduly complicated. From our experience, legal matters are complicated by nature. The purpose of this engagement agreement is to set forth the essential terms and conditions of our engagement in writing, so that both parties have a full understanding. If any of the above is not clear, please advise.

The Firm looks forward to working with you in the future. If this letter represents your understanding of the attorneys' fee and cost arrangements, please sign a copy of this engagement agreement and return it to our office. Our representation of you does not begin until this engagement agreement is signed by you and the agreed retainer paid to the Firm in collected funds.

11/7/2014 9:37 AM
299598_1:14-1120

Stacy Gilhart
Page 6
October 9, 2014

The undersigned client acknowledges that he has read the above engagement agreement, fully understands its contents, and agrees to its terms and conditions.

Very truly yours,

RALPH, SCHWAB & SCHIEVER, CHTD.

Michael L. Ralph, Sr.

MLR/jmt

Enclosure:   Standard Terms of Engagement for Legal Services

**The undersigned, Stacy Gilhart, hereby acknowledges and agrees to the terms of the retainer letter to which this acknowledgment is attached, including the Standard Terms of Engagement For Legal Services which are attached hereto and made a part hereof.**

By: _____
Stacy Gilhart

Dated: __11/26/14__

6

Stacy Gilhart
Page 7
October 9, 2014

## STANDARD TERMS OF ENGAGEMENT FOR LEGAL SERVICES

1.   <u>Scope and Assignment of Duties</u>.  The scope of our duties will encompass the matters referred to in the accompanying engagement letter and any future matters for which we may be engaged.  We will endeavor to assign those lawyers and staff personnel needed to perform the services you desire on an effective and cost efficient basis.

2.   <u>Charges</u>.  We will charge for services based upon an hourly basis for services rendered and the reasonable value of those services.   Other factors impact the amount of hourly time spent providing such services including the time limitations imposed by you or the circumstances, the novelty and difficulty of the questions, the amount involved, and other similar considerations.  At the present time our hourly rates for attorneys range from $450.00 to $225.00 and are subject to change from time to time.  Where appropriate, we will attempt to use paralegal services which are billed at substantially lower rates than those of attorneys.  We will expect reimbursement for out of pocket costs on your behalf, including but not limited to delivery charges, copying or producing documents, filing fees, deposition and transcription costs, witness fees, travel expenses, secretarial overtime and the like.  These costs will be itemized on your invoices.

3.   <u>Standard Billing and Payment Procedures</u>.  We normally bill on a monthly basis unless the services performed during the prior month are minimal in amount or other circumstances dictate a different periodic billing.  Payment for attorneys' fees and out of pocket disbursements is due within thirty (30) days after receipt of our bill.  We reserve the right to charge interest on accounts which are past due at the rate of nine percent (9%) per annum.

If you have paid a retainer, it will be applied as a credit against our first billings.

4.   <u>Withdrawal and Termination.</u>  You may terminate our engagement for any reason whatsoever upon written notice to us.  Upon termination and upon payment of our fees, we will deliver to you such papers and property as you request, but we will retain our own files.  You will be expected to pay the costs of copying and of delivery.  Termination of our services will not affect your responsibility to pay for legal services rendered and all out of pocket disbursements up to the date of termination.

We may terminate our engagement for any of the reasons permitted under the "Illinois Rules of Professional Conduct" including, without limitation, your failure to disclose material facts or misrepresentations by you, or any other conduct or situation which, in our judgment, impairs an effective attorney client relationship or conflicts with our professional responsibilities or your failure to pay our charges.

7

Stacy Gilhart
Page 8
October 9, 2014

    5.    <u>Review of Statements</u>. To minimize the likelihood of errors or misunderstandings, you agree you will review each statement promptly and advise us of any questions or disagreements you may have regarding it. Absent such advice within thirty (30) days after the rendering of the statement, it is understood and agreed that you will be deemed to have reviewed the bill and accepted it as correct.

    6.    <u>Collection Procedures and Dispute Resolution</u>. In the event of non-payment, it is our custom to seek alternative dispute resolution via either mediation or arbitration. If such efforts do not resolve the non-payment issues satisfactorily, it is our custom to refer the matter to other attorneys for collection. If we do so or if we institute proceedings ourselves, or if you do so or initiate proceedings yourself, the party who prevails in such proceedings shall be entitled to recover costs, expenses, and reasonable attorneys fees.

    7.    <u>Enforceability</u>. If any provision of the accompanying letter or these Standard Terms of Engagement for Legal Services is deemed invalid, illegal or unenforceable, it shall not affect any of the remaining provisions thereof.

    8.    <u>Document Retention</u>. Wherever possible, we ask that you provide us with legible copies of documents, and retain all original documents in your own files. We will, if necessary, specifically request original documents, but in all other instances, legible copies will suffice. We will notify you when we are closing your file and sending it to our off-site storage facility. It is your responsibility to ensure that you obtain all documents that you want from your file prior to the documents being sent to our off-site storage facility. After your file is transferred to an off-site storage facility, it will be maintained for a period of up to five (5) years. During that time, the file may be retrieved, at your cost, to obtain materials contained in that file. At the expiration of five (5) years after your file has been closed, your file, and all of its contents, will be destroyed, and the documents in that file will no longer be available to you or us.

    9.    <u>Questions</u>. Whenever you have any questions or comments regarding our services or the status of your matters, please do not hesitate to contact the attorney with whom you are working. We encourage your comments, questions or suggestions, all of which enable us to serve you more efficiently and to enhance our working relationship.

    10.    <u>Your Consent</u>. Your signature to the accompanying letter will indicate your understanding and agreement to the terms set forth above.

B 201A (Form 201A) (6/14)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $75 administrative fee, $15 trustee surcharge: Total Fee $335)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $75 administrative fee: Total Fee $310)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the

Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1,167 filing fee, $550 administrative fee: Total Fee $1,717)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $75 administrative fee: Total Fee $275)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
### Northern District of Illinois

In re    Stacy S. Gilhart                                              Case No.

                                            Debtor(s)          Chapter    7

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

Stacy S. Gilhart                                    X  /s/ Stacy S. Gilhart                        December  3, 2014
Printed Name(s) of Debtor(s)                           Signature of Debtor                        Date

Case No. (if known)                                 X
                                                       Signature of Joint Debtor (if any)          Date

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1.  Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor.  The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

# United States Bankruptcy Court
## Northern District of Illinois

In re   Stacy S. Gilhart _____   Case No. _____

Debtor(s)                                    Chapter   7 _____

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____ 134

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   December  3, 2014 _____        /s/ Stacy S. Gilhart _____
                                             Stacy S. Gilhart
                                             Signature of Debtor

Accurate Lien & Contractors
Assistance, Inc.
6210 E. Thomas Rd., Suite 203
Scottsdale, AZ 85251


AIG American International Co
5 Wood Hollow
P.O. Box 409
Parsippany, NJ 07054-0409


Allegheny Casualty Company
International Fidelity Company
One Newark Center, 20th Floor
Newark, NJ 07102


AllPro Fleet Maintenance Systems
PO Box 357
Oaklawn, IL 60453


Ally Financial
P.O. Box 9001951
Louisville, KY 40290-1951


American Chartered Bank
20 N. Martingale Rd., Suite 600
Schaumburg, IL 60173


American Safety Insurance Services
100 Galleria Parkway S.E., Ste. 700
Atlanta, GA 30339


AmTrust North America
An AmTrust Financial Company
P.O. Box 740042
Atlanta, GA 30374-0042


Anatolly Fuchko
c/o Spada Law Offices, PC
333 E. Route 83, Suite 102
Mundelein, IL 60060


Apollo General Insurance Agency Inc
P.O. Box 1508
19485 Sonoma Highway, Ste. E
Sonoma, CA 95476

Assurance Agency, Ltd
1750 E. Golf Road
Schaumburg, IL 60173


AT&T
P.O. Box 5080
Carol Stream, IL 60197-5080


AT&T U-Verse
P.O. Box 5014
Carol Stream, IL 60197-5014


Atlas Bobcat
505 North River Road
Schiller Park, IL 60176


Auto Truck Equipment Repair
28501 Wilmot Rd., Ste 5
Trevor, WI 53179


Bank of America
P.O. Box 2284
Brea, CA 92822


Bell Fuels, Inc.
1515 Creek Drive
Morris, IL 60450-6857


Bid Tool
Construction Data Company
2001 9th Ave., Suite 104
Vero Beach, FL 32960


Blue Book of Building and
Construction
800 E. Main St.
Jefferson Valley, NY 10535


Brennan & Clark, Ltd.
721 E. Madison St., Suite 200
Villa Park, IL 60181

Bristol Hose and Fitting
aka Hose Doctor
1 W. Lake Street
Northlake, IL 60164


Burke Printing
PO Box 669
Lake Forest, IL 60045


C & M Scale Company
7241 W. Roosevelt Road
Forest Park, IL 60130


Cain & Weiner
1699 East Woodfield Road, #360
Schaumburg, IL 60173


Catum Trucking, Inc.
37W309 Keslinger Road
Geneva, IL 60134


Catum Trucking, Inc.
P.O. Box 397
Maple Park, IL 60151


CERO Trucking, Inc.
3528 South Mozart
Chicago, IL 60632


Chartis Insurance Company
175 Water St.
New York, NY 10038


Chase Bank
P.O. Box 9001871
Louisville, KY 40290


Christofano Equipment Co., Inc.
9643 S. Harlem Avenue
Chicago Ridge, IL 60415


Citi Business MasterCard
CitiBusiness Customer Service
P.O. Box 6235
Sioux Falls, SD 57117-6235

Citibank MasterCard
Citibank Customer Service
P.O. Box 6500
Sioux Falls, SD 57117


Collections Bureau of America
25945 Eden Landing Rd.
Hayward, CA 94545-3816


Comcast Cable
2508 W. Route 120
McHenry, IL 60051-4712


Construction & General Laborers'
Dist. Council of Chicago Vicinity
999 McClintock Drive, Suite 300
Burr Ridge, IL 60527


Darren and Krystal Beuder
c/o O'Connor & Nakos Ltd.
120 N. LaSalle, Fl. 35
Chicago, IL 60602


David J. Axelrod & Associates
1448 Old Skokie Road
Highland Park, IL 60035


DCS Trucking Company
500 Industrial Drive
Lincolnshire, IL 60069


DisposAll Waste Services LLC
5817 W. Ogden Avenue
Cicero, IL 60804


Dr. Schubert
6 E. Phillip Rd., Suite 1101
Vernon Hills, IL 60061


Dun & Bradstreet Credibility Corp
22761 Pacific Coast Highway
Malibu, CA 90265

Erin Gates
293 McMillan Street
Grayslake, IL 60030


Euler Hermes Collections N. America
600 S. 7th St.
Louisville, KY 40203


Everlights, Inc.
8027 N Lawndale Avenue
Skokie, IL 60076


Excel Disposal, LLC
5817 46th Street
Kenosha, WI 53144


Firemans Fund Insurance Company
777 San Marin Dr.
Novato, CA 94998


First Insurance Funding Corp.
450 Skokie Blvd., Suite 1000
P.O. Box 3306
Northbrook, IL 60065-3306


FirstMerit Bank
P.O. Box 148
Akron, OH 44309-0148


Fleet Services
US Bank Voyager Fleet Systems
P.O. Box 412535
Kansas City, MO 64141-2535


Ford Motor Company
P.O. Box 64400
Colorado Springs, CO 80962-4400


Ford Motor Credit Company
P.O. Box 6508
Mesa, AZ 85216-6508


GILCO Scaffolding Co LLC
515 Jarvis Avenue
Des Plaines, IL 60018

Grainger
Collection Rep 1
401 S Wright Road
Janesville, WI 53546-8729


Great Midwest Insurance Company
800 Gessner, Suite 600
Houston, TX 77024


Hanover Insurance Company
440 Lincoln Street
Worcester, MA 01653


Hanover Insurance Group
P.O. Box 580045
Charlotte, NC 28258-0045


Hard Rock Concrete Cutters, Inc.
60 Chaddick Drive
Wheeling, IL 60090


Hard Rock Inertia Equipment &
Rental, LLC
730 S. Hancock Ave.
Freeport, IL 61032


Harleysville Insurance Company
355 Maple Ave.
Harleysville, PA 19438-2297


Harleysville Lake States Insurance
600 E. Front St., Suite 200
Traverse City, MI 49686


Hinckley Springs
6750 Discovery Blvd.
Mableton, GA 30126


Hinckley Springs
949 E. High St.
Mundelein, IL 60060


Homewood Disposal Service, Inc.
1501 W. 175th Street
Homewood, IL 60430

Houston Specialty Insurance Company
800 Gessner, Suite 400
Houston, TX 77024


HUB International Scheer's
601 Oakmont Ln., Suite 400
Westmont, IL 60559


Illinois Department of Revenue (p)
Bankruptcy Section/Level 7-425
100 West Randolph St.
Chicago, IL 60606


Illinois Truck and Equipment
320 Briscoe Drive
Morris, IL 60450


Imagine Properties
21 N. Skokie Hwy., Suite 107
Lake Bluff, IL 60044


Imperial Credit Corporation
101 Hudson St.
Jersey City, NJ 07302


Imperial Credit Corporation
1001 Winstead Drive, Suite 500
Cary, NC 27513


Imperial Credit Corporation
45 E. River Park Place West
Suite 308
Fresno, CA 93720


Imperium Insurance Company
800 Gessner, Suite 600
Houston, TX 77024


Internal Revenue Service (p)
P.O. Box 7346
Philadelphia, PA 19101-7346

International Hauling and
Excavating, Inc.
19464 Airport Road
Romeoville, IL 60446


International Union of Operating
Engineers Local 150
6200 Joliet Road
Countryside, IL 60525-3992


IPFS Corporation
125 S. Wacker, Suite 1650
Chicago, IL 60606


James River Insurance Company
6641 W. Broad St., Suite 300
Richmond, VA 23230


Keefe, Campbell, Biery & Associates
Midwest Defense Attorneys
118 N. Clinton St., Suite 300
Chicago, IL 60661


Kopka Pinkus Dolan & Eads, PC
200 N. LaSalle St., Suite 2850
Chicago, IL 60601


Kopka Pinkus Dolin & Eads, LLC
100 Lexington Drive, Suite 100
Buffalo Grove, IL 60089


Laborers' Pension Fund, et al.
11465 Cermak Road
Westchester, IL 60154-5768


Liberty Insurance Underwriters Inc.
55 Water St., 18th Floor
New York, NY 10041


Master Hydraulic & Machining Co Inc
540 Morse Ave.
Schaumburg, IL 60193

Maxum Specialty Insurance Group
Maxum Indemnity Company
3655 N. Point Parkway, Suite 500
Alpharetta, GA 30005


MBL Recycling, Inc.
630 S. Hicks Road
Palatine, IL 60067


McCann Industries, Inc.
543 South Rohlwing Road
Addison, IL 60601


Medina Transport Inc.
8637 South Karlov Avenue
Chicago, IL 60652


Meridian Design Build, LLC
c/o Bronson & Kahn LLC
150 W. Wacker Dr., Suite 1400
Chicago, IL 60606


Meridian Design Build, LLC
c/o Arnstein & Lehr LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606


Michael Badali Services
PO Box 1263
Beacher, IL 60401


Mickey, Wilson, Weiler, Renzi &
Anderson, P.C.
2111 Plum St., Suite 201
Aurora, IL 60506


Midwest Operating Engineers Fringe
Benefit Funds - I.U.O.E Local 150
P.O. Box 74632
Chicago, IL 60675-4632


MLA Murphy Iomon & Associates
2860 River Road, Suite 200
Des Plaines, IL 60018

Mobil Mini, Inc.
7420 S. Kyrene Rd., Suite 101
Tempe, AZ 85283


National Union Fire Insurance Co
AIG Specialty Workers Compensation
70 Pine St.
New York, NY 10270


Nigro, Westfall & Gryska, P.C.
1793 Bloomingdale Rd.
Glendale Heights, IL 60139


Occupational Training & Supply, Inc
7233 Adams Street
Willowbrook, IL 60527


Office of Fund Counsel
Jerrod Olszewski
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604


Olson Oil Company, Inc.
115 Old Skokie Road
Park City, IL 60085


Olson Service Co.
PO Box 68
Fox Lake, IL 60020


Ordaz Trucking, Inc.
2848 West Pershing Rd.
Chicago, IL 60632


Patten Industries, Inc.
635 W. Lake St.
Elmhurst, IL 60126


Paul B. Porvaznik
Molzahn, Rocco, Reed & Rouse, LLC
20 N. Clark St., Suite 2300
Chicago, IL 60602

PNC Bank
P.O. Box 856177
Louisville, KY 40285-6177


Premier Outdoor Environments, Inc.
205 East Butterfield Road
Suite 272
Elmhurst, IL 60126


Recycle Technologies, Inc.
4000 Winnetka Ave. N., #210
Minneapolis, MN 55427


Rental Max
908 E. Roosevelt Road
Wheaton, IL 60187


Richard T. Avis
Attorney & Associates, LLC
P.O. Box 1008
Arlington Heights, IL 60006


RMS Receivable Management Services
77 Hartland Street, Suite 401
P.O. Box 280431
East Hartford, CT 06128-0431


Rockford Industrial Welding Supply
4646 Linden Road
P.O. Box 5404
Rockford, IL 61125-0404


Roland Machinery Co.
816 North Dirksen Parkway
Springfield, IL 62702


RSUI Indemnity Company
945 E. Paces Ferry Rd., Suite 1800
Atlanta, GA 30326


Sargents Equipment & Repair Service
281 E. Sauk Trail
South Chicago Heights, IL 60411

Sargents Equipment & Repair Service
155 Industrial Drive
Gilberts, IL 60136


Scorpio Excavating Inc.
1708 E Euclid Ave.
Arlington Heights, IL 60004


Service Sanitation, Inc.
135 Blaine Street
Gary, IN 46406


Specialized Loan Servicing LLC
P.O. Box 105219
Atlanta, GA 30348


State Auto Insurance Company
State Auto Property & Casualty Ins
518 E. Broad St.
Columbus, OH 43215-3976


SunBelt Rentals, Inc.
1275 W Mound Street
Columbus, OH 43223


Susan Gilhart
273 E. Colonial Dr.
Vernon Hills, IL 60061


Technology Insurance Company
8995 Westside Parkway
Alpharetta, GA 30009


Technology Insurance Company
20 Trafalger Square, Suite 459
Nashua, NH 03063


Three Generations Enterprises, Inc.
1211 Main Street
Crete, IL 60417


Torus Specialty Insurance Co.
Harborside Financial Center
Plaza Five, Suite 2900
Jersey City, NJ 07311

Trott Nelson, P.C.
1550 Spring Rd., Suite 225
Oak Brook, IL 60523


United Rentals
6125 Lakeview Road, Suite 300
Charlotte, NC 28269


Vengroff Williams, Inc.
P.O. Box 4155
Sarasota, FL 34230-4155


Verde Recycling / BoxCo, Inc
3 Golf Center #290
Hoffman Estates, IL 60160


Village of Arlington Heights
c/o ARMOR Systems Corporation
1700 Kiefer Drive, Suite 1
Zion, IL 60099-5105


Welding Industrial Supply Corp.
220 N. Western Avenue
Chicago, IL 60647


Wells Fargo Equipment Finance, Inc.
733 Marquette Ave., Suite 700
Minneapolis, MN 55402


West Side Tractor Sales Co.
West Side Exchange Dpt. #4570
PO Box 87618
Chicago, IL 60680


Westchester Surplus Lines Insurance
Socius Insurance Services, Inc.
2205 Point Blvd., Suite 175
Elgin, IL 60123


Wholesale Collectors Association
P.O. Box 5213
Janesville, WI 53547-5213